UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MEGO2 CORP.,

      Plaintiff,

          v.                              **MEMORANDUM AND ORDER**
                                         2:24-cv-03307 (OEM)

D1SRUPT1VE INC.,

      Defendant.
----------------------------------------------------------------X

**ORELIA E. MERCHANT, United States District Judge:**

      Plaintiff Mego2 Corp. ("Plaintiff") commenced this action on May 3, 2024, against defendant D1srupt1ve Inc. ("Defendant") arising out of a contract dispute.  Complaint, ECF 1 ("Compl.").  Plaintiff asserts diversity of citizenship pursuant to 28 U.S.C. § 1332 as the basis for the Court's jurisdiction.  *See* Compl. ¶ 19.   However, according to the Complaint, both Plaintiff and Defendant are Delaware corporations.  *See* Compl. ¶¶ 17-18.  Consequently, for the reasons set forth below, the Court sua sponte DISMISSES this action in it its entirety for lack of subject matter jurisdiction.

**LEGAL STANDARD**

      Fed. R. Civ. P. 12(h)(3) provides that "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).  A district court may raise the issue of subject matter jurisdiction sua sponte.  *See, e.g., Transatl. Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 107 (2d Cir. 1997); *DirecTV Latin Am., LLC v. Park 610, LLC,* 2009 U.S. Dist. LEXIS 22510, at *10 (S.D.N.Y. Mar. 18, 2009).  "Federal courts are courts of limited jurisdiction and cannot preside over cases absent subject matter jurisdiction."  *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005);

1

*Frontera Res. Azerbaijan Corp. v. State Oil Co. of Azerbaijan Republic*, 582 F.3d 393, 397 (2d Cir. 2009); *see also United States v. Assa Co.,* 934 F.3d 185, 188 (2d Cir. 2019).  "Congress has granted district courts original jurisdiction over cases in which there is a federal question, see 28 U.S.C. § 1331, and certain cases between citizens of different states, so long as the requirements of complete diversity and amount in controversy are met, *see* 28 U.S.C. § 1332*." Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013); *See also Tokio Marine Specialty Ins. Co. v. Cincinnati Specialty Underwriters Ins.* Co., No. 22-CV-5431 (LDH (PK), 2023 U.S. Dist. LEXIS 175601, at *4-5 (E.D.N.Y. Sep. 29, 2023).  "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court sua sponte.  If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000) (citations omitted); *see also Arbaugh v. Y&H Corp.,* 546 U.S. 500, 514 (2006) ("Moreover, courts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party") (citing  *Ruhrgas AG v. Marathon Oil Co*., 526 U.S. 574, 583 (1999).

## DISCUSSION

The only basis alleged for subject matter jurisdiction over this action is diversity jurisdiction pursuant to 28 U.S.C. § 1332.  *See* Compl. ¶ 19.  "The party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Advani Enter., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998).   Diversity jurisdiction requires that "all of the adverse parties in a suit . . . be completely diverse with regard to citizenship." *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51 (2d Cir. 2000) (citation omitted).

To establish diversity of citizenship jurisdiction, the plaintiff must satisfy the requirements of 28 U.S.C. § 1332.  Section 1332 requires "complete diversity," meaning that "all plaintiffs must be citizens of states diverse from those of all defendants." *Tagger v. Strauss Grp. Ltd.,* 951 F.3d 124, 126 (2d Cir. 2020) (quoting *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co., Inc*., 772 F.3d 111, 118 (2d Cir. 2014)).  Pursuant to 28 U.S.C. § 1332(c)(1), "[a] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."

"[B]oth the state of incorporation and the principal place of business should be considered in deciding whether diversity jurisdiction is present."  *Wm. Passalacqua Builders, Inc. v. Resnick Devs. S., Inc.,* 933 F.2d 131, 141 (2d Cir. 1991).  A corporation's principal place of business, or "nerve center," is "the place where the corporation maintains its headquarters," or the corporation's "center of direction, control, and coordination."  *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010); *SBL Enters. LLC v. Keystone Capital Corp.,* No. 1:21-cv-4459-MKV, 2021 U.S. Dist. LEXIS 95255, at *4 (S.D.N.Y. May 19, 2021*); see Mazzeo v. American States Ins. Co.,* No. 3:14-cv-00361(CSH), 2014 U.S. Dist. LEXIS 37299, 2014 WL 1154530, at *3 (D. Conn. Mar. 21, 2014) (noting that "if Defendant is a corporation, Plaintiff must state with specificity any state in which Defendant is incorporated as well as the State in which it has its principal place of business").

Plaintiff's pleadings establish that the parties here are not diverse.  Plaintiff alleges that "Mego2 Corp. is a Delaware corporation with its principal place of business located at 16 Middle Neck Road, Great Neck, New York; Upon information and belief, D1srupt1ve Inc. is a Delaware corporation with its principal place of business located at either 2780 Las Vegas Boulevard South, Las Vegas, Nevada, or, alternatively, at 16 Westwind Street, Marina del Rey, California."  Compl. ¶¶ 17-18.  Because the complaint alleges that Plaintiff and Defendant are both incorporated in

Delaware, the two parties are citizens of Delaware for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1). As such, there is not "complete diversity," and this Court lacks subject matter jurisdiction. *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir. 1990) (noting "that diversity is not complete if any plaintiff is a citizen of the same state as any defendant"); *Sty-Lite Co. v. Eminent Sportswear Inc.*, 115 F. Supp. 2d 394, 398 (S.D.N.Y. 2000) ("[I]f either the corporation's place of incorporation or principal place of business destroys diversity, then the courts will not have diversity jurisdiction.").

Because the Court lacks subject matter jurisdiction, the Complaint must be dismissed. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Arbaugh*, 546 U.S. at 514 ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety."); *Banks-Gervais v. Bd. of Elections*, No. 18-CV-5252 (RJD)(VMS), 2018 U.S. Dist. LEXIS 231145, 2018 WL 10070504, at *2 (E.D.N.Y. Sept. 28, 2018) ("When a court lacks subject matter jurisdiction, dismissal is mandatory.") (citing *Arbaugh*, 546 U.S. at 514)).

## CONCLUSION

For the foregoing reasons this action is dismissed without prejudice.


**SO ORDERED.**

_____
/s/
**ORELIA E. MERCHANT**
**United States District Judge**

Dated: Brooklyn, New York
      May 10, 2024